## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | |
| | Case No.: 22-13328 |
| **Jason Michael Boychuck** | Chapter 13 |
| | Judge Ashely M. Chan |
| Debtor(s) | * * * * * * * * * * * * * * * * * |
| | |
| **PNC Bank, National Association** | Date and Time of Hearing |
| Movant, | July 19, 2023 at 11:00 a.m. |
| vs | |
| | Place of Hearing |
| **Jason Michael Boychuck** | U.S. Bankruptcy Court |
| **Aimee Boychuck** | 900 Market Street, Suite 400, Courtroom #4 |
| **Scott F. Waterman** | Philadelphia, PA, 19107 |
| Respondents. | |
| | Related Document # 25 |

### STIPULATION FOR SETTLEMENT OF CREDITOR PNC BANK, NATIONAL ASSOCIATION MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY FOR PROPERTY LOCATED AT
### 670 DOE CT, LIMERICK, PA 19468 (DOCKET # 25)

This matter coming to be heard on the *Motion for Relief from Stay and Co-Debtor Stay* (Dkt. #25) which was filed in this court by PNC Bank, National Association ("Movant"), Movant and Jason Michael Boychuck by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of May 2023 through June 2023, incurring a total post-petition arrearage of $4,081.74, which consists of 2 post-petition payments for May 1, 2023 through June 1, 2023 at $1,421.87 each, and attorney fees and costs of $1,238.00. There is $222.52 in suspense, which reduces the total post-petition arrearage to $3,859.22.

3. Debtor shall repay the total post-petition arrearage of $3,859.22 to Creditor through the Chapter 13 Trustee.

4. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the July 1, 2023 post-petition payment.

2

5. Debtor shall file an amended Chapter 13 Plan wherein the post-petition arrearage for the months of May 2023 through June 2023 and attorney fees and costs is included in the Plan. Debtor shall file the Amended Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

6. Movant shall file a Supplemental Proof of Claim in the amount of $3,859.22 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

7. Payments shall be sent to:

    PNC Bank, N.A.
    Attn: Payment Services
    3232 Newmark Drive
    Miamisburg, OH 45342

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

    a. Debtor's failure to file an Amended Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

    b. Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

12. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates their case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

3

                                      MANLEY DEAS KOCHALSKI LLC

Dated: 06/21/2023

BY: /s/ Adam B. Hall
Adam B. Hall (323867)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
614-220-5611; Fax 614-627-8181
Email: abh@manleydeas.com
Attorney for Creditor

Dated: 6/23/2023

BY: /s/ Brad J. Sadek
Brad J. Sadek
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
Email:  brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

/s/ Ann E Swartz, attorney for Trustee
Scott F. Waterman
2901 St. Lawrence Ave.
Suite 100
Reading, PA  19606

4